J-S53025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TAARIQ THOMAS | |
| Appellant | No. 656 EDA 2019 |

Appeal from the PCRA Order Entered February 4, 2019
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0003165-2015

BEFORE:  OLSON, STABILE, and NICHOLS, JJ.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 24, 2019**

Appellant, Taariq Thomas, appeals *pro se* from the February 4, 2019 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

A prior panel of this court recited the pertinent facts:

> On April 7, 2015, Allentown Police responded to 135 S. 5th Street for a report of an assault.  Upon arrival, officers spoke with [Appellant], who directed the officers to Apartment 3.  There, officers discovered Jonathon Brown with an injury to the right side of his head.  Mr. Brown was bleeding from the wound and was holding a cloth in his hand.  Brown was unable to respond to the officers, and he was going in and out of consciousness.  Brown was transported to Lehigh Valley Hospital.  [Appellant] admitted to police he struck Brown in the head with a baseball bat.
>
> [Appellant] was taken to Allentown Police Headquarters and gave an audio/videotaped statement[, which was played at trial].  According to Appellant, his then-girlfriend, Chelsea O'Toole, was texting with her cousin, Mr. Brown, and made plans for Brown to come over to their apartment to hang out.  [Appellant] said he was in the bathroom when Brown arrived.  [Appellant] heard

unusual noises and heard O'Toole say, "Babe," so he grabbed a baseball bat from the bathroom and came out. He saw Brown holding O'Toole in what he described as a bear hug. He said it looked like O'Toole was trying to get away, so he hit Brown in the head with the bat. Brown turned around, and [Appellant] hit him again. [Appellant] believed Brown was being suspicious when texting with O'Toole, and thought Brown had a romantic interest in O'Toole.

Ms. O'Toole testified at [Appellant's] trial. According to O'Toole, she did not ask Mr. Brown to come to the apartment. O'Toole was shown text messages from her phone that showed Brown was invited over. When asked about them, she advised that the pone was in her name, but [Appellant] had it with him at all times and did not allow her to use it. O'Toole said when Brown knocked on the door, she opened it and asked Brown what he was doing there. Brown responded, "I came to chill." O'Toole said Brown put his hands on her shoulder, so she said, "Babe?" O'Toole indicated she started it like a question, because she did not know what was going on. She testified that [Appellant] came out and immediately hit Brown with the bat. O'Toole testified that Brown did not have her in a bear hug, and that she was out of Brown's reach when [Appellant] came out of the bathroom and hit Brown.

***Commonwealth v. Thomas***, 828 EDA 216 (Pa. Super. June 26, 2017) (unpublished memorandum at 1-2) (***quoting*** Trial Court Opinion, 5/9/16, at 1-3) (footnotes omitted).

A jury found Appellant guilty of aggravated assault, simple assault, and recklessly endangering another person,[1] and on January 15, 2016, the trial court sentenced Appellant to an aggregate six to twenty years of incarceration.

This Court affirmed the judgment of sentence on June 26, 2017. Appellant did not seek allowance of appeal from our Supreme Court. He filed a timely first PCRA petition on February 16, 2018. Counsel was appointed and

---

[1] 18 Pa.C.S.A. §§ 2702, 2701, and 2075.

subsequently permitted to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On November 28, 2018, the PCRA court issued its notice of intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response on December 17, 2018. The PCRA court dismissed Appellant's petition on February 4, 2019. This timely *pro se* appeal followed.

Appellant claims the PCRA court erred because (1) trial counsel was ineffective in failing to cross examine O'Toole on her prior inconsistent statements; (2) trial counsel was ineffective for failing to interview O'Toole prior to trial; (3) trial counsel was ineffective for failing to argue that Appellant acted in defense of O'Toole; and (4) the Commonwealth intentionally held exculpatory and or impeachment evidence in violation of **Brady v. Maryland**, 373 U.S. 83 (1963). Appellant's Brief at iii. We will consider these issues in turn.

On review, we must determine whether the facts support the PCRA court's order, and whether the PCRA court committed an error of law. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

> To be entitled to PCRA relief, a petitioner bears the burden of establishing, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2), which include a violation of the Pennsylvania or United States Constitution or ineffectiveness of counsel, any one of which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42

- 3 -

> Pa.C.S. § 9543(a)(2)(i) and (ii). Further, the petitioner must show that the allegation of error has not been previously litigated or waived pursuant to Pa.C.S. § 9543(a)(3)[.]

*Id.* at 617-18. The PCRA court can dismiss a petition without a hearing when it is "satisfied that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be satisfied by any further proceedings[.]" Pa.R.Crim.P. 907(1). The decision whether to conduct a hearing rests within the PCRA court's discretion. ***Mason***, 130 A.3d at 618. To prevail on a claim of ineffective assistance of counsel, a petitioner must plead and prove that (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for the disputed action or inaction; and (3) counsel's error prejudiced the petitioner such that the outcome of the underlying procedure would have been different but for the error. ***Id.***

First, Appellant claims counsel was ineffective for failing to cross-examine O'Toole about her prior inconsistent statements to police. Shortly after the incident, O'Toole told police she believed Brown was assaulting her. Later, she told police Appellant lured Brown to her apartment using her cell phone and then assaulted him. She claimed her initial statements were inaccurate because of her fear of Appellant. Appellant argues counsel was ineffective for failing to cross-examine O'Toole on prior statements that he believes would have supported his justification/defense of another person theory of the case.

This issue lacks arguable merit because the trial court record reflects that defense counsel examined O'Toole extensively on her prior inconsistent statements. N.T. Trial, 12/15/15, at 67-82. On several occasions, counsel gave O'Toole her prior statements to read when she claimed not to have made and/or not to remember the prior statements. *Id.* at 73, 76-77. The prior panel of this Court offered the following summary of defense counsel's cross examination of O'Toole:

> With respect to Ms. O'Toole's conflicting statements to the police, Appellant cross-examined Ms. O'Toole about a police report, in which the officer indicated that Ms. O'Toole said Mr. Brown tried to molest her. N.T. 12/15/15, at 72. Ms. O'Toole denied making that statement. *Id.* at 74. Ms. O'Toole also denied telling the police that Mr. Brown 'was trying to get me.' *Id.* at 77. In a subsequent statement, Ms. O'Toole admitted telling the police that Mr. Brown grabbed her and she 'had a feeling' Mr. Brown was (1) going to take advantage of her, (2) being perverted, and (3) aggressive. *Id.* at 80-81.

*Thomas*, 828 EDA 216, unpublished memorandum at 3. In rejecting Appellant's sufficiency of the evidence argument, the panel wrote:

> Viewing the evidence in the Commonwealth's favor, Appellant, pretending to be Ms. O'Toole, lured Mr. Brown over to the apartment. N.T. Trial, 12/16/15, at 35. After Mr. Brown, who was unarmed, arrived, Appellant hit Mr. Brown in the head with a baseball bat—twice. N.T. Trial, 12/15/15, at 94. Ms. O'Toole provided the jury with a version of the events leading up to that assault that was favorable to the Commonwealth. She testified that she did not fight or struggle with Mr. Brown. *Id.* at 66, 92-93. Further, she testified that she was out of Mr. Brown's reach and Mr. Brown did not have her in a bear hug when Appellant exited the bathroom and struck Mr. Brown. Trial Ct. Op. at 3. The jury elected to believe Ms. O'Toole's testimony that she was not in danger and not trying to escape, notwithstanding Appellant's police statement to the contrary and the conflicting statements O'Toole gave to the police.

*Id.* at 8-9. In summary, defense counsel relied heavily on O'Toole's inconsistent statements in attempt to obtain an acquittal. Appellant's claim that counsel was ineffective for failing to cross-examine O'Toole on her inconsistent statements lacks any support in the record.

Next, Appellant claims counsel was ineffective for failing to interview O'Toole prior to trial. To succeed on this claim, Appellant must establish that the interview would have been helpful:

> This Court has recognized that trial counsel has a general duty to undertake reasonable investigations or make reasonable decisions which render particular investigations unnecessary. The duty to investigate, of course, may include a duty to interview certain potential witnesses; and a prejudicial failure to fulfill this duty, unless pursuant to a reasonable strategic decision, may lead to a finding of ineffective assistance. Nevertheless, we have never held that trial counsel is obligated to interview every Commonwealth witness prior to trial. The failure of trial counsel to interview a particular witness prior to trial does not constitute ineffective assistance of counsel unless there is some showing that such an interview would have been beneficial to the defense under the facts and circumstances of the case.

***Commonwealth v. Mitchell***, 105 A.3d 1257, 1276–77 (Pa. 2014). Appellant's *pro se* brief fails to offer a coherent explanation of why an interview of O'Toole would have been helpful. His argument seems to be that, had counsel interviewed O'Toole, counsel would have been prepared to cross-examine her about her prior inconsistent statements. Because counsel did cross-examine O'Toole on her prior inconsistent statements, there is no arguable merit to this issue.

Next, Appellant claims counsel was ineffective for failing to argue that Appellant's actions were justified because he acted in defense[2] of O'Toole. Once again, Appellant's claim finds no support in the record. Counsel presented evidence that Brown was the aggressor toward O'Toole, and that Appellant came to her defense. Counsel argued for and received an instruction on justification/defense of others. N.T. Trial, 12/17/15, at 50-54. Defense counsel argued repeatedly during his closing that Appellant acted in defense of O'Toole. *Id.* at 5-13. For these reasons, Appellant's claim of ineffective assistance lacks arguable merit.

_____

[2] Use of force for protection of other persons is a valid defense:

**(a) General rule.**--The use of force upon or toward the person of another is justifiable to protect a third person when:

(1) the actor would be justified under section 505 (relating to use of force in self-protection) in using such force to protect himself against the injury he believes to be threatened to the person whom he seeks to protect;

(2) under the circumstances as the actor believes them to be, the person whom he seeks to protect would be justified in using such protective force; and

(3) the actor believes that his intervention is necessary for the protection of such other person.

**(b) Exception**.--Notwithstanding subsection (a), the actor is not obliged to retreat to any greater extent than the person whom he seeks to protect.

18 Pa.C.S.A. § 506.

Finally, Appellant claims he is entitled to relief because the Commonwealth committed a ***Brady*** violation. Appellant does not allege counsel was ineffective in this regard, nor does he offer any other ground on which this issue is cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a). Furthermore, Appellant fails to explain why he could not have raised this issue before the trial court. Appellant claims the Commonwealth edited portions of O'Toole's statements to withhold exculpatory statements, but he does not explain how he knows this to be the case, or when he learned of it. Thus, he cannot overcome the PCRA's waiver provision: "For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Furthermore, as we already have explained, defense counsel was aware of O'Toole's inconsistent statements to police. He used his cross-examination of O'Toole to highlight portions of her statements that supported his defense of others theory of the case. For all of the foregoing reasons, Appellant cannot obtain relief on his ***Brady*** claim.

In summary, we have concluded that Appellant's assertions of counsel's ineffectiveness lack arguable merit, and that his ***Brady*** claim is waived and not eligible for relief in this case. We therefore affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/24/19</u>